UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Margaret I. Tildon** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 1:08-cv-00346 (RMC) |
| ) | ECF |
| **Lt. General B. Alexander, Director** ) | |
| **National Security Agency,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR A MORE DEFINITE STATEMENT**

Pursuant to Federal Rules of Civil Procedure 8 and 12(e), Defendant, by and through undersigned counsel, respectfully moves for an order dismissing Plaintiff's Complaint for failure to set forth a short and plain statement of the claims or grounds for the Court's jurisdiction. Alternatively, Defendant respectfully moves this Court to require Plaintiff to provide a more definite statement.

By filing this motion, Defendant does not waive any defenses that may be available including, but not limited to, the defenses available under Rule 12(b) and failure to exhaust administrative remedies.  Due to the Complaint's lack of clarity, Defendant is not in a position to assert all defenses that may be available.

In support of this motion, Defendant relies upon the accompanying memorandum of points and authorities.  A proposed Order is attached.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR No. 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR No. 434122
Assistant United States Attorney

/s/
Raymond A. Martinez, TX. Bar No. 13144015
Special Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W., Civil Division
Washington, DC  20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Margaret I. Tildon,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) Civil Action No. 1:08-cv-00346 (RMC) |
| | ) |
| **Lt. Gen. Keith B. Alexander, Director** | ) ECF |
| **Department of Defense,** | ) |
| **National Security Agency** | ) |
| **Defendant** | ) |
| _____ | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR A MORE DEFINITE STATEMENT**

Pursuant to Federal Rules of Civil Procedure 8(a) and 12(e) Defendant, by and through undersigned counsel, respectfully moves this Court for an order dismissing Plaintiff *pro se*'s Complaint for failure to adequately provide notice of his claims. Alternatively, Defendant respectfully moves this Court to require Plaintiff to provide a more definite statement.

**I. INTRODUCTION**

Plaintiff *pro se*, alleges to have began working for the National Security Agency (NSA) in 1982, and resigned from the agency in 1994[1]. See Complaint ¶1 . Plaintiff recites a listing of various facts and circumstances about a deteriorating situation with NSA that started with a van pool incident. Plaintiff then states that after the incident her supervisor stated "I don't think you

---

[1] The body of the Complaint is not numbered, however any reference made to paragraph is where the indentations are made within the complaint.

know anything about programing." See Complaint pg. 2 middle of the page.   Plaintiff then goes on for pages reciting various incidents some of which deal with her personal background and some of which deal her attempt to apply for outside positions. See Complaint pg 5.   Plaintiff alleges that she could not get an interview for jobs she applied due to interference by the NSA. See Complaint ¶1.  Plaintiff continues for several pages of the complaint describing various scenarios in which derogatory information and secret files about her, allegedly blocked her from outside employment. See Complaint pgs. 7,8,& 9.  Then plaintiff list various events in which, although it is unclear, apparently relate to a harassment claim,  related to this van pool incident. See Complaint ¶ .  Finally, Plaintiff also claims that  NSA has not released certain information under the Freedom of Information Act (FOIA).   As a result of all these instances Plaintiff alleges that her civil rights have been and are still being violated.

      Even though some elements of plaintiff's action can be decerned, overall it is vague and unclear.  Defendant is hampered in formulating any response to the complaint  in light of its rambling, unfocused and undated nature of events.   Accordingly, Defendant moves that Plaintiff's filing be dismissed for failure to meet the requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Alternatively, the Defendant moves that Plaintiff be required to file a more definite statement consistent with rules 10(b) and 12(e).

## II. ARGUMENT

### A. The Court Should Dismiss Plaintiff's Complaint Because it Fails to State a Cause of Action or Sufficient Facts to Support a Claim

Under the Federal Rules of Civil Procedure, the principal function of the Complaint is to give the Defendant "fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the

doctrine of res judicata is applicable." Brown v. Califfano, 75 F.R.D. 497, 498 (D.D.C. 1977)(citing 2A Moore, Federal Practice ¶ 8.13; 5 Wright & Miller, Federal Practice and Procedure, § 1217). To that end, Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint filed in the federal court contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Beyond this, the rule serves to sharpen the issues to be litigated . . . ." Brown, 75 F.R.D. at 498 (dismissing *pro se* Plaintiff's complaint because it failed to reasonably inform the adverse party of the cause of action).

 Even within the liberal *pro se* context, Plaintiff must still comply with the basic requirements of the Federal Rules. Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987) (*citing* Haines v. Kerner, 404 U.S. 519, 596 (1972)); see also Brown, 75 F.R.D. at 498 ("The purpose of the rule is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, [and] prepare an adequate defense"). Where a complainant fails to meet the requirements of the Federal Rules, the complaint may be properly dismissed for wholly failing to state a cause of action. Tripati v. Williams, 759 F. Supp. 3, 4 (D.D.C. 1990) ("[E]ven a pro se complainant is subject to dismissal if the pleading fails reasonably to inform the adverse party of the asserted cause of action.") (*quoting* Brown, 75 F.R.D. at 498).

 Rather than comply with the requirements of Rule 8(a), Plaintiff vaguely alleges, through various scenarios, unclear matters that started with a van pool incident that escalated into her not being able to seek outside employment and being harassed through, among other things, Freedom of Information Act (FOIA) violations committed by NSA. It is unclear, as to where in the facts alleged, is the specific violation, or what specifically is the alleged reprisal.

3

The reader is for the most part forced to draw its own conclusions regarding what claims Plaintiff may be asserting and the bases upon which her claim rest.  For example, Plaintiff states in her complaint that " I feel that my civil rights have been violated and are still being violated, and I hope this court will rectify this injustice against me.  I hope that it will not ignore the FOIA decision made by Judge Harold Greene, this later FOIA request for documents by another representative with legal credentials which NSA is attempting to ignore, and not allow NSA to continue to blacklist me." <u>See</u> Complaint pg 16, last sentence of 1st paragraph.  In making this request, plaintiff does not state how, by whom, when, did these violations occur and are still occurring.  If Plaintiff resigned in 1994 as she states on page one of her complaint, how can this still be occurring?  This is unclear. Additionally there is no indication if she timely filed an administrative complaint on this matter with the Civil Rights Office and if so when this was filed.

Many of the paragraphs throughout the Complaint have more than one set of circumstances that  have no dates as to when the events occurred. For example, plaintiff states, "after being transferred back into intelligence research, I continued to apply for outside positions (not all in the programming or intelligence research), and could not get an interview for anything with the federal government of private sector." <u>See</u> Complaint 1st paragraph, pg. 6.  There is no mention as to when this occurred and whether this is an alleged violation of something.  There are many sets of circumstances within each paragraph that seem to be unrelated to a Title VII violation.  This is not a "short and plain statement of the claim" required by Rule 8(a).  Plaintiff's pleading fails to provide Defendant with clear and adequate notice of the facts or law allegedly at issue.  <u>See</u> <u>Sparrow v. United Air Lines, Inc.</u>, 216 F.3d 1111 (D.C. Cir. 2000)(under Rule 8, Plaintiff is

4

required to give the Defendant fair notice of each claim and its basis.)(citations omitted). Neither Defendant, nor the Court, should be forced to guess what claims are asserted, nor should Defendant risk waiving defenses if it cannot properly guess what claims Plaintiff intends to pursue.

### B. Plaintiff Fails To Have A Cause o Action Under Title VII.

Plaintiff alleges that she feels her civil rights have been and are still being violated. See Compl pg.16 ¶1. To the extent the Plaintiff is alleging a violation of Title VII, there is no evidence that she has exhausted her administrative remedies. Title VII and its implementing regulations require federal employees to exhaust their administrative remedies before bringing an employment discrimination complaint to federal court. See 42 U.S.C. §§ 2000e-16 ©; 29 C.F.R. §§ 1614.407; Brown v. General Serve. Admin., 425 U.S. 820, 832 (1976); Marshall v. Federal Exp. Corp., 130 F.3d 1095, 1098, (D.C. Cir. 1997).

Employees first must initiate an informal complaint by contacting an EEO counselor within 45 days of the alleged act(s) of discrimination. See 29 C.F.R. § 1614.105 (a). The timing requirements for bringing a Title VII claim are set forth in 29 C.F.R. § 1614.105(a)(1), which, in pertinent part, states: "An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action. See 29 C.F.R. § 1614.105(a)(1) (2002). Courts strictly adhere to these time limits and rarely allow equitable tolling of limitations periods. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 95-96 (1990). In this regard there is nothing in the Plaintiff's complaint that gives any indication as to whether she has exhausted her administrative remedies before filing the instant complaint.

**C. Plaintiff Fails To Have A Cause Of Action Under The FTCA**.

To the extent the Plaintiff is alleging some type of Tort violation, Plaintiff is required under the Federal Tort Claims Act (FTCA), to also exhaust her administrative process. If the Congress waives the government's sovereign immunity from suit, a plaintiff's rights are limited to the terms of the government's consent to be sued. See United States v. Testan, 424 U.S. 392, 399 (1976). Limitations and conditions which the government places on its consent to be sued must be strictly observed and exceptions are not to be implied. Soriano v. United States, 352 U.S. 270, 276 (1957). Under the FTCA, the United States has consented to be sued for certain state law causes of action based on the conduct of federal employees subject to certain specific conditions. One of those conditions is that prior to filing suit the claimant must present an administrative claim to the appropriate federal agency within two years of accrual of the tort claim. 28 U.S.C. § 2401(b). "This waiver of sovereign immunity is purposely limited." Webb v. United States, 2008 WL 503882 (D.D.C. 2008). A court may dismiss a FTCA claim on statute of limitation grounds only if "no reasonable person could disagree on the date" on which the cause of action accrued. Kuwait Airways Corp. v. Am. Security Bank, N.A., 890 F.2d 456, 463 n. 11 (D.C. Cir.1989). Plaintiff does not give any dates as to what if any specific Tort violation occurred and whether she has exhausted her administrative remedy as to that claim. The latest date which plaintiff's alleges acts by the Government which purportedly give rise to her claims is "sometime between 1983 and 1985 when she was riding to work. See Compliant ¶ 1 pg 2. However, there is no indication anywhere in the body of the complaint as to the date , if any, plaintiff's administrative claim was presented within the applicable two-year statute of

6

limitation. Thus, plaintiff's lawsuit, if the complaint were more clear, may be time-barred.

Plaintiff also alleges, that NSA is keeping derogatory information about her in hidden files or is spreading derogatory remarks about her orally. As a result Plaintiff alleges she was blocked from outside employment. (See Complaint pg. 9). In this regard, the FTCA exposes the United States to liability "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The provisions of section 1346(b), however, are subject to certain express exceptions for which the waiver of sovereign immunity has not been extended. See 28 U.S.C. § 2680. Specifically, § 2680(h) of Title 28 excepts from the waiver "[a]ny claim *arising out of* assault, battery, false imprisonment, malicious prosecution, abuse of process, *libel*, *slander*, misrepresentation, deceit, or interference with contract rights." See 28 U.S.C. § 2680(h) (emphasis added).

Plaintiff in this action alleges republication of defamatory statements from hidden files that were made orally resulting in being blocked from outside employment. Because this claim is expressly exempt from the FTCA's waiver of sovereign immunity, it must be dismissed for lack of subject matter jurisdiction. Ballenger, 444 F.3d at 666; Edmonds v. United States, 436 F. Supp. 2d 28, 35 (D.D.C. 2006) ("Courts consistently have held that claims for "false light" invasion of privacy are barred by the libel and slander exception.") (Collyer, J); Metz v. United States, 788 F.2d 1528, 1535 (11th Cir. 1986)

### D. Plaintiff Has No Cause of Action Under FOIA

Plaintiff also makes some vague reference to the Agency's failure to respond to certain documents under the Freedom of Information Act (FOIA). See Complaint ¶1 pg 13. To the

extent Plaintiff alleges this to be a FOIA violation, she has not indicated whether she has exhausted her administrative remedy.  It is well-established in administrative law "'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'"  See McKart v. United States, 395 U.S. 185, 193 (1969) (internal citation omitted); see also United States v. Tucker Truck Lines, 344 U.S. 33, 36-37 (1952) (observing that "orderly procedure and good administration" as well as "[simple fairness to those who are engaged in the tasks of administration, and to litigants" require that "objections to the proceedings of an administrative agency be made while it has opportunity for correction in order to raise issues review able by the courts").  A FOIA requester, in particular, must exhaust his or her administrative remedies before seeking judicial review, and absent exhaustion, a FOIA suit is subject to dismissal.  The purpose of this requirement is to give the agency "an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision," as well as to allow "the top managers of an agency to correct mistakes made at lower levels and thereby obviate[] unnecessary judicial review."  See Oglesby, 920 F.2d at 61 (internal citation omitted); Greenberg v. U.S. Dep't of Treasury, 10 F.Supp.2d 3, *22 (D.D.C. 1998.) (explaining that "[the possibility that administrative review may obviate the need for judicial review is particularly important in FOIA cases, because FOIA cases require district judges to take time out of their busy schedules to 'acquire access to reams of paper, make intensive review of that material, and reach document-specific conclusions.'") (internal citation omitted).

  FOIA requests must be filed in accordance with published agency regulations.  See, e.g., 5 U.S.C. § 552(a)(3) (requests must be made "in accordance with [the agency's] published rules stating the time, place, fees (if any), and procedures to be followed . . . ."); West v. Jackson, 448

F.Supp.2d 207, 211 (D.D.C. 2006) (noting that "[a] requester must comply with an agency's published regulations for filing a proper FOIA request"); <u>Ivey v. Snow</u>, 2006 W.L. 2051339, *3 (D.D.C. 2006); <u>Dale v. Internal Revenue Serv.</u>, 238 F.Supp.2d 99, 103 (D.D.C. 2002) ( "[failure to comply with agency FOIA regulations amounts to a failure to exhaust administrative remedies, which warrants dismissal.")   In this case, Plaintiff's complaint does not indicate that she exhausted her administrative remedy and if so when.

### E..  **Plaintiff Claim Should Be Transferred To the District of Maryland**

To the extent that Plaintiff is making her claim pursuant to the FTCA, venue is proper in the District of Maryland.  Venue for FTCA is controlled by 28 U.S.C. § 1402(b), which provides that "any civil action on a tort claim against the United States under subsection subsection (b) of section 1346 of this title may be prosecuted only in the judicial district where plaintiff resides or wherein the act or omission complained of occurred."  In this matter, the District of Columbia is not the proper venue.  Plaintiff alleged violations occurred at NSA, whose office is located in Maryland.  Accordingly venue is proper in the District of Maryland.  See <u>Zakiya v. United States</u>, 276 F. Supp. 2d 47,59 (D.D.C. 2003) (Because none of the operative events that constitute the gravamen of plaintiff's claim took place in the District of Columbia, the Court concludes that venue in the district is improper.").  In this case Plaintiff's allegations occurred while she worked for NSA which is located in Fort George G. Mead, Maryland. Accordingly venue is proper in the District of Maryland and thus this case should be transferred to the District of Maryland.

If Plaintiff is making her claim as a Title VII violation venue would also be proper in the District of Maryland.  Title VII of the Civil Rights Act creates a limited waiver of the

9

government's sovereign immunity from suit and stands as a bar to jurisdiction by any federal district court that does not meet its venue provisions. See e.g., Archuleta v. Sullivan, 725 F. Supp. 602, 603-04 (D.D.C. 1989). Venue in a Title VII action lies only in a judicial district that satisfies the requirements of 42 U.S.C. § 2000e-5(f)(3) which provides in pertinent part:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

It is clear from this provision that venue in this case cannot lie in the District of Columbia.

Venue in this case lies in the Eastern District of Maryland. The unlawful practices are alleged to have occurred during plaintiff's employment with the National Security Agency located in Fort Meade, Maryland. See generally Complaint. Plaintiff makes no allegation, nor can she, that the employment records relevant to this case are anywhere within the District of Columbia, or that, had the allegedly unlawful practice not occurred, plaintiff would have worked in the District. Having failed, in connection with this judicial District, to satisfied any one of the three statutory tests of 42 U.S.C. § 2000e-5(f)(3), this action must be brought in the District of Maryland.

In short, if Plaintiff's claim is a Title VII violation, venue in cases such as this one is limited by statute, and "the intent of Congress to limit venue to the judicial districts concerned with the alleged discrimination seems clear." Turbeville v. Casey, 525 F. Supp. 1070, 1072 (D.D.C. 1981) (quoting Stebbins v. State Farm Mutual Automobile Insurance Co., 413 F.2d 1100, 1103 (D.C. Cir), cert. denied, 396 U.S. 895 (1965)). Thus, plaintiff's claims can only be

reviewed by a federal district court in Maryland, but not by the Federal District Court for the District of Columbia. Consequently, plaintiff's action should be dismissed for improper venue because venue properly lies elsewhere

## F.  Alternatively, the Court Should Order Plaintiff to Provide Defendant With a More Definite Statement of Her Complaint

Rule 10(b) of the Federal Rules of Civil Procedure requires that all

> averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . . Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

Rule 12(e) of the Federal Rules of Civil Procedure provides that when

> a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

In the event that the Court does not dismiss this action outright for failing to comply with Rule 8(a), Defendant respectfully requests that, pursuant to Fed. R. Civ. P. 12(e), the Court require Plaintiff to file a more definite statement of her claims, organized in a manner to satisfy the requirements of Rule 10. Otherwise, as set forth above, Defendant cannot properly answer or otherwise respond to the Complaint.

Accordingly, Defendant respectfully requests that Plaintiff be required to file a short and plain statement of her Complaint, which provides the following details:

(1) What specific wrongful act(s) does Plaintiff allege were committed?

(2) On what facts does plaintiff rely on in making these allegations?

(3) Who committed each of the alleged violations?

    (4)  Where did each of the alleged violations occur?

    (5)  When were the alleged violations committed ?

    (6)  How were each of the alleged violations committed?

    (7) What are the specific laws and/or regulations that allegedly have been violated?

    (8) What specific damages occurred as a result of such alleged violations?

Additionally, Defendant requests that the Court order that Plaintiff answer these questions by a date certain, and warn Plaintiff that, pursuant to Fed. R. Civ. P. 12(e), the Court may dismiss her Complaint for failing to respond by that date.  Should Plaintiff respond, Defendant requests forty-five days following service of Plaintiff's response to file an answer or other appropriate response to Plaintiff's allegations.

### III.  CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint because it fails to meet the minimum standard of notice pleadings.  See Sparrow v. United Air Lines, Inc., 216 F.3d at 1118.  In the alternative, Defendant respectfully moves this Court for an order requiring Plaintiff to file an amended complaint that provides a more definite statement of her claims.

    Respectfully submitted,

      /s/
    JEFFREY A. TAYLOR, D.C. BAR No. 498610
    United States Attorney

      /s/
RUDOLPH CONTRERAS, D.C. BAR No. 434122
Assistant United States Attorney

      /s/
Raymond A. Martinez, TX Bar No. 13144015
Special Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W., Civil Division
Washington, DC  20530
202-514-9150
 Raymond.Martinez2@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 28th day of April, 2008, I caused the foregoing to be served

first class mail, postage prepaid, addressed as follows:

Margareti I. Tildon
5020 Sheriff Road, NE
Washington, D.C. 20019-5539

                    ___/s/_____
                    Raymond A. Martinez
                    Special Assistant United States Attorney
                    Judiciary Center Building
                    555 Fourth Street, N.W., Civil Division
                    Washington, DC  20530
                     202-514-9150
                     Raymond.Martinez@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Margaret I. Tildon** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 1:08-cv-00346 |
| | ) |
| **Lt. Gen. Keith B. Alexander,** | ) |
| **Director, Dept of Defense,** | ) |
| **National Security Agency** | ) |
| **Defendant.** | ) |
| _____ | ) |

**ORDER**

This matter is before the Court on Defendant's Motion to Dismiss, or in the Alternative, for a More Definite Statement. Upon consideration of this Motion, the grounds stated therefor and the entire record of this case, it is this _____ day of _____, 2008, hereby

**ORDERED** that Defendant's Motion be and hereby is GRANTED; and it is

**FURTHER ORDERED** that the Complaint is dismissed.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

      Raymond A. Martinez
      Special Assistant United States Attorney
      Judiciary Center Building
      555 Fourth Street, N.W., Civil Division
      Washington, DC  20530
      202-514-9150
      Raymond.Martinez2@usdoj.gov

      Margaret I. Tildon
      5020 Sheriff Road, NE
      Washington, D.C. 20019-5539