UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Margaret I. Tildon** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 1:08-cv-00346 (RMC) |
| | ) ECF |
| **Lt. General B. Alexander, Director** | ) |
| **National Security Agency,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS OR, IN THE ALTERNATIVE,
FOR A MORE DEFINITE STATEMENT**

Defendant, National Security Agency, (NSA), by and through undersigned counsel, hereby replies to Plaintiff's Opposition to Defendants Motion to Dismiss Or, In The Alternative For a More Definite Statement and move this Court pursuant to Federal Rules of Civil Procedure 8 and 12(e), for an order dismissing Plaintiff's Complaint for failure to set forth a short and plain statement of the claims or grounds for the Court's jurisdiction.  Alternatively, Defendant respectfully moves this Court to require Plaintiff to provide a more definite statement.

**INTRODUCTION**

Plaintiff *pro se*, alleges to have began working for the National Security Agency (NSA) in 1982, and resigned from the agency in 1994[1]. See Complaint ¶1 . Plaintiff filed her complaint in Federal District Court on February 27, 2008.  See Ct. Doc.1.  In that complaint, plaintiff recited a listing of various facts and circumstances about a deteriorating situation with NSA that

---

[1]The body of the Complaint is not numbered, however any reference made to paragraph is where the indentations are made within the complaint.

started with a van pool incident. Plaintiff then stated that after the incident her supervisor stated "I don't think you know anything about programing." See Complaint pg. 2 middle of the page. Plaintiff then went on for pages reciting various incidents some of which dealt with her personal background and some of which dealt her attempt to apply for outside positions. See Complaint pg 5. Plaintiff alleged that she could not get an interview for jobs she applied due to interference by the NSA. See Complaint ¶1. Plaintiff continued on for several pages of her complaint describing various scenarios in which derogatory information and secret files about her, allegedly blocked her from outside employment. See Complaint pgs. 7,8,& 9. Then Plaintiff listed various events in which, although it was unclear, apparently relate to a harassment claim, that started with a van pool incident. See Complaint generally. Finally, Plaintiff claimed that NSA had not released certain information under the Freedom of Information Act (FOIA). As a result of all these instances Plaintiff alleged that her civil rights have been and are still being violated.

      Defendant, (NSA), filed a Motion to Dismiss or, In the Alternative, For a More Definite Statement on April 8, 2008. (See Ct. Doc. 7). In that motion Defendant argued that Plaintiff's claim should be dismissed for failure to adequately provide notice of her claims. Defendant also argued, in the alternative, for the Court to issue an order requiring Plaintiff to produce a more definite statement. Additionally Defendant argued that to the extent Plaintiff is alleging either an employment discrimination claim under 42 U.S.C. §§2000e-16 (c), a federal tort claim or a Freedom of Information (FOIA) claim that she failed to state a cause of action. Lastly Defendant moved this Court transfer the case to the district of Maryland.

      Plaintiff now files an opposition to Defendant's Motion To Dismiss or In the Alternative

For A More Definite Statement. Plaintiff titled her opposition motion as "Plaintiff's Motion Not To Dismiss case And Not To Transfer Case To The Federal Court In Baltimore". See Ct. Doc. 9. In her opposition Plaintiff recites additional facts and circumstances about her allegations dealing with harassment in her employment with NSA. However, even though Plaintiff focus is on reciting additional harassment instances in her opposition motion, it is similar in style as initial complaint is nevertheless overall vague and unclear and fails to state a cause of action of harassment under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e. Accordingly, Defendant moves that Plaintiff's filing be dismissed for failure to meet the requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Alternatively, the Defendant moves that Plaintiff be required to file a more definite statement consistent with rules 10(b) and 12(e).

## II. ARGUMENT

### A. The Court Should Dismiss Plaintiff's Complaint Because it Fails to State a Cause of Action or Sufficient Facts to Support a Claim

Under the Federal Rules of Civil Procedure, the principal function of the Complaint is to give the Defendant "fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Brown v. Califfano, 75 F.R.D. 497, 498 (D.D.C. 1977)(citing 2A Moore, Federal Practice ¶ 8.13; 5 Wright & Miller, Federal Practice and Procedure, § 1217). To that end, Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint filed in the federal court contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Beyond this, the rule serves to

sharpen the issues to be litigated . . . ." Brown, 75 F.R.D. at 498 (dismissing *pro se* Plaintiff's complaint because it failed to reasonably inform the adverse party of the cause of action).

Even within the liberal *pro se* context, Plaintiff must still comply with the basic requirements of the Federal Rules. Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987) (*citing* Haines v. Kerner, 404 U.S. 519, 596 (1972)); see also Brown, 75 F.R.D. at 498 ("The purpose of the rule is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, [and] prepare an adequate defense"). Where a complainant fails to meet the requirements of the Federal Rules, the complaint may be properly dismissed for wholly failing to state a cause of action. Tripati v. Williams, 759 F. Supp. 3, 4 (D.D.C. 1990) ("[E]ven a pro se complainant is subject to dismissal if the pleading fails reasonably to inform the adverse party of the asserted cause of action.") (*quoting* Brown, 75 F.R.D. at 498).

In this case Plaintiff does not comply with the requirements of Rule 8(a). Much like her initial complaint Plaintiff's opposition motion continues to vaguely allege, through additional scenarios, other instances of harassment that go back to 1985. It is unclear, as to where in the facts alleged, is the specific violation, and was there a timely administrative complaint filed as to that violation. For example, Plaintiff states in her opposition motion that "The plaintiff had been harassed by a co-worker (Kenneth Ramp), in October to November 1985 while working in an area of programing (systems programing, not business applications programing which she had taken in college) in her first programming office, and taking a programming course at the same time for which she was not allowed to test programs and/or was being interfered with while she was working. The incident had been reported to her supervisors (shooting of rubber bands at the

plaintiff, one which struck her in her right eye, others hitting her on her shoulders, and reporting of strips that had been placed on her computer screen). One of her supervisors laughed about the incident with the harasser as they both turned toward a wall in the office in which the plaintiff worked. (See Ct. Doc 9, ¶1).  There is no indication in the Opposition Motion if she timely filed an administrative complaint on this matter with the Civil Rights Office and if so when this was filed and what was the final agency decision as to the matter.

Like Plaintiff's initial complaint many of the paragraphs throughout the Opposition Motion discusses events with no dates as to when theses events occurred.  Clearly this does not clarify the already confusing facts in Plaintiff's complaint.

### B. Plaintiff Fails To Have A Cause o Action Under Title VII.

Plaintiff alleges that she feels her civil rights have been and are still being violated. See Compl pg.16 ¶1.  Plaintiff's opposition motion, does not clarify her initial complaint but rather continues on with additional instances of harassment that occurred while at NSA.  To the extent the Plaintiff allegations of harassment are the violation of Title VII in issue, there is no evidence that she has exhausted her administrative remedies as to those instances. Title VII and its implementing regulations require federal employees to exhaust their administrative remedies before bringing an employment discrimination complaint to federal court.  See 42 U.S.C. §§ 2000e-16 ©; 29 C.F.R. §§ 1614.407; Brown v. General Serve. Admin., 425 U.S. 820, 832 (1976); Marshall v. Federal Exp. Corp., 130 F.3d 1095, 1098, (D.C. Cir. 1997).

Employees first must initiate an informal complaint by contacting an EEO counselor within 45 days of the alleged act(s) of discrimination.  See 29 C.F.R. § 1614.105 (a).  The timing requirements for bringing a Title VII claim are set forth in 29 C.F.R. § 1614.105(a)(1), which, in

pertinent part, states: "An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action. See 29 C.F.R. § 1614.105(a)(1) (2002). Courts strictly adhere to these time limits and rarely allow equitable tolling of limitations periods. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 95-96 (1990). In this regard there is nothing in the Plaintiff's complaint nor in her opposition to Defendant's motion that gives any indication as to whether she has exhausted her administrative remedies as to the matters she is bringing forth now in the instant action before filing the instant complaint.

**C.    Plaintiff Claim Should Be Transferred To the District of Maryland**

If the additional instances of harassment in Plaintiff's opposition motion are Plaintiff's claims of Title VII violations, venue would be proper in the District of Maryland. Title VII of the Civil Rights Act creates a limited waiver of the government's sovereign immunity from suit and stands as a bar to jurisdiction by any federal district court that does not meet its venue provisions. See e.g., Archuleta v. Sullivan, 725 F. Supp. 602, 603-04 (D.D.C. 1989). Venue in a Title VII action lies only in a judicial district that satisfies the requirements of 42 U.S.C. § 2000e-5(f)(3) which provides in pertinent part:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

It is clear from this provision that venue in this case cannot lie in the District of Columbia.

Venue in this case lies in the Eastern District of Maryland. The unlawful practices are

alleged to have occurred during plaintiff's employment with the National Security Agency located in Fort Meade, Maryland.  See generally Complaint.  Plaintiff makes no allegation, nor can she, that the employment records relevant to this case are anywhere within the District of Columbia, or that, had the allegedly unlawful practice not occurred, plaintiff would have worked in the District.  Having failed, in connection with this judicial District, to satisfied any one of the three statutory tests of 42 U.S.C. § 2000e-5(f)(3), this action must be brought in the District of Maryland.

In short, if Plaintiff's claim is a Title VII violation, venue in cases such as this one is limited by statute, and "the intent of Congress to limit venue to the judicial districts concerned with the alleged discrimination seems clear."  Turbeville v. Casey, 525 F. Supp. 1070, 1072 (D.D.C. 1981) (quoting Stebbins v. State Farm Mutual Automobile Insurance Co., 413 F.2d 1100, 1103 (D.C. Cir), cert. denied, 396 U.S. 895 (1965)).  Thus, plaintiff's claims can only be reviewed by a federal district court in Maryland, but not by the Federal District Court for the District of Columbia.  Consequently, plaintiff's action should be dismissed for improper venue because venue properly lies elsewhere.

### III.  CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint because it fails to meet the minimum standard of notice pleadings and fails to state a cause of action.  See Sparrow v. United Air Lines, Inc., 216 F.3d at 1118.  In the alternative, Defendant respectfully moves this Court for an order requiring Plaintiff to file an amended complaint that provides a more definite statement of her claims.

Respectfully submitted,

    /s/
JEFFREY A. TAYLOR, D.C. BAR No. 498610
United States Attorney


    /s/
RUDOLPH CONTRERAS, D.C. BAR No. 434122
Assistant United States Attorney

    /s/
Raymond A. Martinez, TX Bar No. 13144015
Special Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W., Civil Division
Washington, DC 20530
202-514-9150
Raymond.Martinez2@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 3rd day of June, 2008, I caused the foregoing to be served

first class mail, postage prepaid, addressed as follows:

Margareti I. Tildon
5020 Sheriff Road, NE
Washington, D.C. 20019-5539


                                        ___/s/_____
                                        Raymond A. Martinez
                                        Special Assistant United States Attorney
                                        Judiciary Center Building
                                        555 Fourth Street, N.W., Civil Division
                                        Washington, DC  20530
                                         202-514-9150
                                         Raymond.Martinez2@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Margaret I. Tildon** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No. 1:08-cv-00346** |
| ) | |
| **Lt. Gen. Keith B. Alexander,** ) | |
| **Director, Dept of Defense,** ) | |
| **National Security Agency** ) | |
| **Defendant.** ) | |
| ) | |

**ORDER**

This matter is before the Court on Defendant's Motion to Dismiss, or in the Alternative, for a More Definite Statement. Upon consideration of this Motion, Plaintiff's Opposition to Defendant's Motion and Defendant's Reply and the grounds stated therefor and the entire record of this case, it is this _____ day of _____, 2008, hereby

**ORDERED** that Defendant's Motion be and hereby is GRANTED; and it is

**FURTHER ORDERED** that the Complaint is dismissed.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

    Raymond A. Martinez
    Special Assistant United States Attorney
    Judiciary Center Building
    555 Fourth Street, N.W., Civil Division
    Washington, DC  20530
    202-514-9150
    Raymond.Martinez2@usdoj.gov

Margaret I. Tildon
5020 Sheriff Road, NE
Washington, D.C. 20019-5539