UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET I. TILDON, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 08-0346 (RMC) |
| | : |
| LT. KEITH B. ALEXANDER, | : |
| | : |
| Defendant. | : |

## MEMORANDUM OPINION

Plaintiff, a District of Columbia resident, brings this employment discrimination action under Title VII of the Civil Rights Act ("Title VII"), *see* 42 U.S.C. § 2000e *et seq.* Although it is not clear from the rambling and disorganized papers she has submitted, Plaintiff also may intend to bring claims under the Privacy Act, *see* 5 U.S.C. § 552a, and the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. § 2671 *et seq.* Defendant argues, and the Court agrees, that the District of Columbia is not the proper venue for the adjudication of plaintiff's claims. Rather, the Court will transfer this action to the United States District Court for the District of Maryland.

There is a clear preference for adjudicating employment discrimination claims in the judicial district most concerned with the alleged discrimination. *See Stebbins v. State Farm Mutual Auto. Ins. Co.*, 413 F.2d 1100, 1102-03 (D.C. Cir.), *cert. denied*, 396 U.S. 895 (1969). The proper forum for adjudication of employment claims is determined by reference to Title VII's venue provision. *See* 42 U.S.C. §§ 2000e-5(f)(3), 2000e-16(d). It provides that an employment discrimination action may be brought:

1

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Plaintiff's former employer, the National Security Agency ("NSA"), is located in Fort Meade, Maryland. There is no allegation that relevant employment records are maintained or administered in the District of Columbia, that plaintiff worked or would have worked for the NSA in the District of Columbia, or that NSA maintains its principal office in the District of Columbia.

Although Plaintiff brings claims pursuant to statutes other than Title VII, application of an alternative venue provision fails to establish the District of Columbia as the proper venue.[1] A Federal Tort Claims Act suit against the United States "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). "Under the prevailing interpretation of section 1402(b), venue is proper in the District of Columbia if sufficient activities giving rise to plaintiff's cause of action took place here." *Franz v. United States*, 591 F. Supp. 374, 378 (D.D.C. 1984). Although

---

[1] The Court acknowledges that the Privacy Act specifically authorizes enforcement actions in the United States District Court for the District of Columbia. *See* 5 U.S.C. § 552a(g)(5). Judicial economy, however, will be served by transferring this action in its entirety. *See Al-Beshrawi v. United States*, No. 04-0743, 2005 WL 3274104, *5 (D.D.C. Aug. 3, 2005) (transferring Privacy Act and Whistleblower Act claims, along with Title VII and Rehabilitation Act claims, brought by Maryland resident against USPTO to the United States District Court for the Eastern District of Virginia).

plaintiff resides in the District of Columbia, review of the complaint and exhibits shows that no event giving rise to her claims occurred in the District of Columbia.

At this juncture the Court either may dismiss this action or, in the interest of justice, transfer the action "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Assuming without deciding that Plaintiff states viable claims under Title VII, the FTCA, and the Privacy Act, in the interest of justice, the Court will transfer this action to the United States District Court for the District of Maryland.[2] *See, e.g., Simpson v. Fed. Bureau of Prisons*, 496 F. Supp. 2d 187, 193-94 (D.D.C. 2007) (concluding that venue in this district was improper under 28 U.S.C. § 1402(b) and transferring FTCA and civil rights claims under 28 U.S.C. § 1406(a) because complaint's "actual allegations . . . suggest that the United States District Court for the Middle District of Pennsylvania will have personal jurisdiction over the two defendants most involved with the underlying disciplinary proceedings and that venue will lie in that district"); *Hahn v. United States*, 457 F. Supp. 2d 27, 29 (D.D.C. 2006) (transferring malpractice action brought by Virginia resident under the FTCA to the United States District Court for the District of Maryland where cause of action arose from medical treatment at Bethesda Naval Medical Hospital in Bethesda, Maryland).

An Order consistent with this Memorandum Opinion is issued separately.

/s/ Rosemary M. Collyer
ROSEMARY M. COLLYER
United States District Judge

DATE: 24 November 2008

---

[2] The Court has reviewed Plaintiff's objections to transfer, *see generally* Plaintiff's Motion Not To Dismiss Case and Not To Transfer Case to the Federal Court in Baltimore [#9], and finds them unpersuasive.